NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JUSTIN L., | ) | |
| | ) | Supreme Court No. S-15047 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-10-01134 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JENNIFER D., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1498 - May 7, 2014 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances: Robert C. Erwin and Roberta C. Erwin, Palmier-Erwin, LLC, Anchorage, for Appellant. No appearance for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

This appeal arises from the superior court's denial, without a hearing, of a motion to modify child custody. "We will affirm if, in our independent judgment, the facts alleged, even if proved, cannot warrant modification, or if the allegations are so

---

\*      Entered under Alaska Appellate Rule 214.

general or conclusory, and so convincingly refuted by competent evidence, as to create no genuine issue of material fact requiring a hearing."[1]

Here, the moving party, the father, alleged the minor children (1) were sexually abused while in the mother's custody and (2) witnessed domestic violence in the mother's household. These allegations, if true, would constitute a significant change of circumstances warranting an evidentiary hearing to first allow the father an opportunity to prove the truth of his allegations and, if the father were successful, to then allow the parties an opportunity to present evidence regarding whether the best interests of the children require a custody modification. The mother presented no admissible evidence contesting the father's allegations, relying instead on an unsworn denial.[2]

Although the superior court received a brief affidavit from the Alaska Office of Children's Services to the effect that a social worker who had interviewed the children was unable to substantiate the father's sexual abuse allegations, because the affidavit lacked sufficient foundational information and failed to address the possibility

---

[1] *C.R.B. v. C.C.*, 959 P.2d 375, 378 (Alaska 1998), *overruled on other grounds by Evans v. McTaggart*, 88 P.3d 1078 (Alaska 2004).

[2] The father's allegations were set out in an affidavit and were based on statements he alleged the children had made. Because the mother presented no admissible evidence contesting the father's allegations, we do not need to address whether the father's factual presentation was admissible evidence; we treat it as mere allegations of fact.

The mother was a self-represented litigant in the superior court, and she has not participated in this appeal. Because the issue is not raised, we note but do not address the question whether the superior court should have advised the mother of the proper procedure for submitting admissible evidence refuting the father's mere allegations of a significant change of circumstances to avoid the necessity of an evidentiary hearing.

of the children witnessing domestic violence in the mother's household, we cannot conclude that this affidavit alone is sufficient to clearly refute the father's allegations.

In light of the foregoing, we REVERSE the superior court's denial, without a hearing, of the father's custody modification motion and REMAND for an evidentiary hearing on the father's allegations that the minor children (1) were sexually abused while in the mother's custody and (2) witnessed domestic violence in the mother's household. If the father can prove his allegations, then the superior court should consider whether a custody modification is in the children's best interests.